Donahue, J.
The particular constitutional question presented by the record in this case arises upon the construction of that portion of Section 6 of Article IV of the Constitution, as amended September 3, 1912, which reads as follows: “No judgment of a court of common pleas, a superior court or other court of record shall be reversed except by the concurrence of all the judges of the court of appeals on the weight of the evidence, and by a majority of such court of appeals upon other questions.”
It is contended on behalf of the plaintiff in error that when two of the judges of the court of appeals found and determined that “there is no evidence of any negligence upon the part of said plaintiff in error, as claimed in the amended petition,” that court should have entered a judgment of reversal.
*156 The weight of the evidence involves a considera-' tion of conflicting evidence or the probative force of evidence where there is no conflict.
Where no evidence whatever is offered to maintain a material averment in a pleading upon which issue is joined, then the party upon whom the burden rests must fail. If there is some direct evidence or evidence of facts and circumstances from which the truth of the averment might naturally be inferred, then there is some evidence for the consideration of a jury and the record in such case would present the question of the weight of the evidence.
The constitutional provision above quoted relates solely to the weight of the evidence. Where a court of appeals finds that the verdict is against the weight of the evidence all the judges of that court must concur before a judgment of reversal can be entered. But this provision has no application whatever to a case in which one or more of the material averments of a pleading is not sustained by any evidence. This is a question of law for the court, and where two of the judges of a court of appeals find and declare that “there is no evidence of any negligence upon the part of said plaintiff in error, as claimed in the amended petition,” a judgment of reversal should be entered.
This case being properly in this court, it is here for the determination of all questions, presented by the record, except the weight of the evidence. Whether there is any evidence to support the verdict and judgment in the common pleas court, is a question that must be answered by this court be *157 fore it can determine whether the judgment of affirmance in the court of appeals is erroneous, notwithstanding it is inconsistent with the conclusion reached by the judges of that court upon this question, for if that conclusion is wrong, the judgment of affirmance is right, regardless of the reasons given by the court.
There was but one witness to the accident which resulted in the death of Cable. His evidence establishes the fact that Cable fell through the space between the platform and the sides of the elevator shaft.
While there is no conflict in the evidence regarding the plan of construction of this platform, yet there is a conflict, at least in the opinion of the witnesses, touching the sizé of the holes between the planks.
Upon this question the jury was not bound by the opinion of either of the witnesses. Nor was it a question that required for its (determination any special knowledge or training in any particular line of business.
The open space in the elevator shaft was seven feet one inch east and west, and six feet eight inches north and south. Four 2 by 10 planks were placed on edges across this opening, and two other planks, 2 by 10, were laid flat, two inches apart, across it in the other direction. The evidence does not fully disclose how these four planks, placed on edges across the opening in the shaft, were spaced, but conceding that they were evenly spaced, which would be the more favorable view for the defendant, the jury could readily determine from this un *158 disputed evidence the size of the holes in the platform.
Of course, if they were not evenly spaced, some ■ of the holes would be larger and some would be smaller.
In connection with this evidence, it appears beyond dispute that Cable did fall to his death through one of these holes, so that there can be no reasonable question but that at least one of them was large enough to permit a man’s body to pass through.
It was a question for the jury to determine, from this evidence, whether the platform upon which Cable was required to work was a reasonably safe place, and if it was not a safe place, whether the employer had exercised reasonable care in providing a safe place.
One of the witnesses testified that it is not customary to cover the whole elevator shaft with boards, yet he does not testify that this platform was built in the manner customary in that particular line of business. Even if he had so testified, it is apparent from his evidence that he thought there were no holes in this platform large enough for a man’s body to fall through, and his testimony would therefore have been based upon that hypothesis. If he were mistaken about this, then his evidence in that regard would be worthless.
He also testified that Cable fell through the opening feet first, and “fell apparently like a man unconscious.” He had his back to Cable at the time. He heard a noise and turned immediately. Cable’s body was then half way through the opening. At *159 best he could have had only a momentary glance of the falling body, but even if that glance were sufficient for him to form a correct opinion in reference to the condition of Cable, his testimony is not inconsistent with the claim that Cable fell by accident. -The noise the witness heard when the man started to fall was not an exclamation or a cry from Cable. It must have been a noise caused by some portion of Cable’s body coming in contact either with the walls of the shaft or the timbers in the opening. If Cable fell from the planks on which he was standing, he certainly did not fall straight down feet foremost. When he started to fall, his head in all probability would have struck the wall of the .elevator shaft with sufficient force to render him unconscious and check the fall of the upper part of his body, thereby causing him to fall feet first and “like a man unconscious.”
Yet these considerations are of very little importance except as showing circumstances from which the jury might draw the more natural inference. (L. S. & M. S. Ry. Co. v. Andrews, Admr., 58 Ohio St., 426.) Negligence is never presumed. The jury must find from the evidence, first, that the platform was not a safe place to work; second, that the employer had not exercised reasonable care to provide a safe place. On the other hand, the presumption obtains that Cable exercised reasonable care for his own safety. There is evidence in this record from which the jury could reasonably find that there were holes .left in this platform large enough for a man’s body to fall through. The addition of even one plank, *160 and certainly not more than two, would have made this platform safe beyond all question. It was for the jury to say from this evidence whether the defendant exercised reasonable care in not providing other planks. There are some theories presented in the argument suggesting how Cable might have negligently or purposely caused his own death, but there is absolutely no evidence of a substantial character in this record tending to rebut the presumption that he exercised reasonable care for his own safety.
It is clear, therefore, that there was some evidence upon all the issues joined by the pleadings. The jury found in favor of the plaintiff. One of the judges of the court of appeals having reached the conclusion that this verdict was not against the manifest weight of the evidence, therefore, under the provisions of our constitution, that court could not reverse for this reason. This court having found that there is some evidence to sustain the verdict and judgment of the common pleas court, it will not inquire into the weight of the evidence.
The judgment of the court of appeals affirming the judgment of the common pleas court must be affirmed.

Judgment affirmed.

Nichols, C. J., Johnson, Wanamaker, Newman, Jones and Matthias, JJ., concur.